UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

EUGENIA PIPPIN, on behalf of
herself and those similarly situated,

CASE NO.:

     Plaintiff,

v.

STARSHIP ENTERPRISES OF ATLANTA,
INC., a Georgia Profit Corporation

     Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, EUGENIA PIPPIN ("PIPPIN" or "Plaintiff"), on behalf of herself and other employees and former employees similarly situated, by and through undersigned counsel, files this Complaint against Defendant, STARSHIP ENTERPRISES OF ATLANTA. ("STARSHIP"or "Defendant"), a Georgia Profit Corporation, and states as follows:

## JURISDICTION

1.    Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA") to recover unpaid back wages, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorney's fees and costs.

2.    The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §216(b).

3.    This Court has the authority to grant declaratory relief pursuant to the FLSA and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

## PARTIES

4.    At all times material hereto, Plaintiff was and continues to be a resident of Clayton County, GA.

5.    At all times material hereto, STARSHIP was and continues to be a Georgia Profit Corporation.

6.    At all times material hereto, STARSHIP was and continues to be engaged in business in Georgia, with its principal place of business in Fulton County, Georgia

7.    At all times material hereto, STARSHIP operated and continues to operate, an adult novelty store.

8.    At all times material hereto, Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA.

9.    Specifically, Plaintiff regularly handled materials and tools, which had previously traveled in interstate commerce such as erotica and pornographic materials used throughout her employment with Defendant.

10.    Plaintiff was an "employee," of Defendant within the meaning of

FLSA.

11.   At all times material hereto, Defendant was the "employer" within the meaning of FLSA.

12.   Defendant was, and continues to be, an "employer" within the meaning of FLSA.

13.   Based upon information and belief, the annual gross revenue of Defendant was in excess of $500,000.00 per annum during the relevant time periods.

14.   At all times relevant hereto, Defendant had more than two employees.

15.   At all times material hereto, Defendants had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce, such as erotica and pornographic materials necessary for the day-to-day operation of Defendant's business.

16.   The additional persons who may become plaintiffs in this action are/were other hourly paid non-exempt employees for Defendant, who held similar positions to Plaintiff, and who worked in excess of forty (40) hours during one or more work weeks during the relevant time periods but who did not receive pay at one and one-half times their regular rate for their hours worked in excess of forty (40) hours.

17.   At all times material hereto, the work performed by the Plaintiff was directly essential to the business of Defendant.

## STATEMENT OF FACTS

18.     On or about July 2012, Defendant hired Plaintiff to work as an hourly paid, non-exempt employee.

19.     At various material times hereto, Plaintiff worked for Defendant in excess of forty (40) hours within a work week.

20.     From at least July 2012, and continuing through May 2014, Defendant failed to compensate Plaintiff at a rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) hours in a single work week.

21.     Plaintiff should be compensated at the rate of one and one-half times Plaintiff's regular rate for those hours that Plaintiff worked in excess of forty (40) hours per week, as required by the FLSA.

22.     Defendant has violated Title 29 U.S.C. §207 from at least July 2012, and continuing through May 2014, in that:

      a.    Plaintiff worked in excess of forty (40) hours per week for the period of employment with Defendant;

      b.    No payments or provisions for payment have been made by Defendant to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for those hours worked in excess of forty (40) hours per work week, as provided by the FLSA; and

      c.    Defendant failed to maintain proper time records as mandated by

the FLSA.

23.     Plaintiff has retained the law firm of MORGAN & MORGAN, P.A. to represent her in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## VIOLATION OF 29 U.S.C. §207 OVERTIME COMPENSATION

24.     Plaintiff re-alleges and reavers paragraphs 1 through 23 of the Complaint, as if fully set forth herein.

25.     From at least July 2012, and continuing through May 2014, Plaintiff has worked in excess of forty (40) hours per week for which Plaintiff was not compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay.

26.     Plaintiff was, and is, entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours.

27.     At all times material hereto, Defendant failed and continues to fail to maintain proper time records as mandated by the FLSA.

28.     Defendant's actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by its failure to compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours per weeks when they knew, or should

have known, such was, and is due.

29.    Defendant failed to properly disclose or apprise Plaintiff of her rights under the FLSA.

30.    Due to the intentional, willful, and unlawful acts of Defendant, Plaintiff suffered and continues to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

31.    Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

32.    At all times material hereto, Defendant failed to comply with Title 29 and United States Department of Labor Regulations, 29 C.F.R. §§516.2 and 516.4, with respect to those similarly situated to the named Plaintiff by virtue of the management policy, plan or decision that intentionally provided for the compensation of such employees at a rate of less than time and  one-half for their overtime hours.

33.    Based upon information and belief, the current and former employees of Defendant similarly situated to Plaintiff were not paid proper overtime for hours worked in excess of forty (40) in one or more workweeks because Defendant failed to properly pay Plaintiff, and those similarly situated to her, proper overtime wages at time and  one-half their regular rate of pay for such hours.

34.    Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in her

favor against Defendant:

a. Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;

b. Awarding Plaintiff the declaratory relief sought herein;

c. Awarding Plaintiff overtime compensation in the amount due to her for Plaintiff's time worked in excess of forty (40) hours per work week;

d. Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

e. Awarding Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

f. Awarding Plaintiff pre-judgment interest; and

g. Ordering any other further relief the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated: February 19th, 2015.

Respectfully submitted,

_____
ANDREW FRISCH, ESQ.
Georgia Bar No.: 366105
MORGAN & MORGAN, P.A.
600 N. Pine Island Road
Suite 400
Plantation, Florida 33324
Telephone: (954) 318-0268
Facsimile:  (954) 327-3013
E-mail: AFrisch@forthepeople.com

*Trial Counsel for Plaintiff*