IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| EUGENIA PIPPIN, on behalf of herself and those similarly situated, | : : : : | |
| Plaintiff, | : : | |
| v. | : : | CIVIL ACTION NO. 1:15-CV-0507-LMM |
| STARSHIP ENTERPRISES OF ATLANTA, INC., | : : : : | |
| Defendant. | : | |

### **ORDER**

This matter comes before the Court on Defendant Starship Enterprises of Atlanta, Inc.'s Motion for Summary Judgment [29] and Plaintiff Eugenia Pippin's Motion for Partial Summary Judgment [30]. After a review of the record and due consideration, the Court enters the following Order.

I.   **Factual Background**

Defendant Starship Enterprises of Atlanta, Inc. ("Starship") is a Georgia corporation that owns and operates a chain of twenty-two adult retail novelty stores. Pl.'s Statement of Material Facts ("SMF"), Dkt. No. [30-2] ¶ 1.[1] Starship employed Plaintiff as an hourly-paid assistant manager from July 2012 to May 2014. Def.'s Statement of Material Facts ("SMF"), Dkt. No. [29-1] ¶ 1; Pl.'s

---

[1] Defendant fails to respond to many of the facts alleged within Plaintiff's Statement of Material Facts [30-2]. Under LR 56.1(B)(2)(a)(2), NDGa, the Court deems all of these facts admitted.

Response to Def.'s Statement of Material Facts ("R-DSMF"), Dkt. No. [37] ¶ 1. Defendant's stores utilize a timekeeping system purchased from ADP, a major provider of payroll services, in order to record the hours worked by its employees. Def.'s SMF, Dkt. No. [29-1] ¶ 12 (citing Lawless Dep., Dkt. No. [32] 13:24); Pl.'s R-DSMF, Dkt. No. [37] ¶ 12. Defendant's stores operate under a company-wide policy that employees are not to clock in more than 15 minutes before the beginning of their scheduled shifts, nor are they to clock out more than 15 minutes after the end of their scheduled shifts. Pl.'s SMF, Dkt. No. [30-2] ¶ 8 (citing Dkt. No. [30-6]; Thrower Decl., Dkt. No. [30-7] ¶¶ 8-11; Pippin Dep., Dkt. No. [31-1] 20:11-12). This policy contains an exception permitting employees to remain on the clock for a longer amount of time if they provide a reason for doing so. Pl.'s SMF, Dkt. No. [30-2] ¶ 8 (citing Dkt. No. [30-6]); Def.'s Response to Pl.'s Statement of Material Facts ("R-PSMF"), Dkt. No. [38] ¶ 2 (citing Lawless Dep., Dkt. No. [38-1] 107:1—110:3, Exs. 1 & 2).

Plaintiff alleges that her store regularly required its employees to remain at work well beyond their scheduled shifts. Pl.'s SMF, Dkt. No. [30-2] ¶ 8. Plaintiff claims that as a result she performed a substantial amount of overtime work, and Defendant failed to properly compensate her for that work. Id. ¶ 13. She estimates that she typically worked between five and ten hours of overtime every week. Id. ¶ 12. Plaintiff states that some of these overtime hours are documented in Defendant's ADP time records. Id. ¶¶ 14-16. She further alleges that, because of her store's strict enforcement of Starship's policy on clocking in and out, she was

prohibited from recording the majority of her overtime hours on the ADP time-clock. Id. ¶¶ 8-10. Defendant denies that Plaintiff's store ever required its employees to work off the clock and consequently denies that Plaintiff ever performed any unrecorded overtime work. Def.'s R-PSMF, Dkt. No. [38] ¶ 8.

Plaintiff also alleges that another former assistant manager, employed at the same store, brought nearly identical claims of off-the-clock overtime against Starship in 2012. Pl.'s SMF, Dkt. No. [30-2] ¶ 22. Plaintiff claims that Defendant did not subsequently investigate whether the store's management had required other employees to work off the clock, nor did Defendant consult an attorney or the Department of Labor to verify that its payroll practices complied with the lawm. Id. ¶ 20. Defendant denies that any prior lawsuit occurred, Def.'s R-PSMF, Dkt. No. [38] ¶ 14, and alleges that Starship's CEO, Kelly Rogers, regularly consults with an attorney and the Department of Labor regarding the legality of its payroll policies. Id. ¶ 12.

Plaintiff filed the instant action February 19, 2015, seeking recovery of her unpaid overtime wages and liquidated damages pursuant to § 207 of the Fair Labor Standards Act, 29 U.S.C. §§ 201-19 ("FLSA"). Dkt. No. [1]. Defendant responded that Plaintiff did not actually perform any overtime work for which she was not compensated. Dkt. No. [6]. Defendant now moves for summary judgment as to Plaintiff's overtime claim. Dkt. No. [29]. Plaintiff also moves for partial summary judgment regarding certain elements of her claim. Dkt. No. [30].

## II.    Legal Standard

Federal Rule of Civil Procedure 56 provides "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).

A factual dispute is genuine if the evidence would allow a reasonable jury to find for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is "material" if it is "a legal element of the claim under the applicable substantive law which might affect the outcome of the case." Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997).

The moving party bears the initial burden of showing the Court, by reference to materials in the record, that there is no genuine dispute as to any material fact that should be decided at trial. Hickson Corp. v. N. Crossarm Co., 357 F.3d 1256, 1260 (11th Cir. 2004) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). The moving party's burden is discharged merely by "'showing'—that is, pointing out to the district court—that there is an absence of evidence to support [an essential element of] the nonmoving party's case." Celotex Corp., 477 U.S. at 325. In determining whether the moving party has met this burden, the district court must view the evidence and all factual inferences in the light most favorable to the party opposing the motion. Johnson v. Clifton, 74 F.3d 1087, 1090 (11th Cir. 1996).

Once the moving party has adequately supported its motion, the non-movant then has the burden of showing that summary judgment is improper by coming forward with specific facts showing a genuine dispute. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). There is no "genuine [dispute] for trial" when the record as a whole could not lead a rational trier of fact to find for the nonmoving party. Id. (citations omitted). All reasonable doubts, however, are resolved in the favor of the non-movant. Fitzpatrick v. City of Atlanta, 2 F.3d 1112, 1115 (11th Cir. 1993).

The same standard of review applies to cross-motions for summary judgment, but the Court must determine whether either of the parties deserves judgment as a matter of law on the undisputed facts. S. Pilot Ins. Co. v. CECS, Inc., 52 F. Supp. 3d 1240, 1242-43 (N.D. Ga. 2014) (citing Am. Bankers Ins. Grp. v. United States, 408 F.3d 1328, 1331 (11th Cir. 2005)). Each motion must be considered "on its own merits, [with] all reasonable inferences [resolved] against the party whose motion is under consideration." Id. at 1243.

### III. Discussion

Section 207 of the FLSA provides that "no employer shall employ any of his employees . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a). The Eleventh Circuit has interpreted § 207 of the FLSA as encompassing two separate requirements for the recovery of unpaid

5

overtime. A plaintiff "must demonstrate that (1) he or she worked overtime without compensation and (2) the [employer] knew or should have known of the overtime work." Allen v. Bd. of Pub. Educ. for Bibb Cty., 495 F.3d 1306, 1314-15 (11th Cir. 2007) (citing Reich v. Dep't of Conservation and Nat. Res., 28 F.3d 1076, 1081-82 (11th Cir. 1994)). If these elements are met, the plaintiff is also entitled to liquidated damages in an amount equal to her unpaid overtime unless the employer can establish that it acted in good faith. See 29 U.S.C. § 216(b).

An FLSA claim for unpaid overtime is generally subject to a two-year statute of limitations, but that period extends to three years if the plaintiff can establish that her employer acted with reckless disregard of the FLSA's provisions. See 29 U.S.C. 255(a); McLaughlin v. Richland Shoe Co., 486 U.S. 128, 133 (1988).

Plaintiff argues that she is entitled to summary judgment on the following issues: (1) that Defendant is an employer covered by the provisions of the FLSA;[2] (2) that Defendant failed to maintain accurate timekeeping records as required under the FLSA; (3) that Defendant failed to properly compensate Plaintiff for her recorded overtime hours and for work that Starship required her to perform off the clock; (4) that Defendant lacked a good faith belief in the legality of its payroll policies; and (5) that Defendant acted in reckless disregard of the FLSA's overtime provisions. Dkt. No. [30-1].

---

[2] Defendant does not dispute that Starship is an "employer" under the FLSA and is thus subject to the Act's provisions regarding overtime. Dkt. No. [30-5] ¶ 10.

Defendant responds that it is entitled to summary judgment because Plaintiff has failed to establish at least one of the following elements of her claim: (1) any amount of unpaid overtime work, whether recorded or unrecorded; (2) that Defendant knew of or had reason to know of any unpaid overtime work. Defendant opposes Plaintiff's motion for partial summary judgment as to liquidated damages and the extended statute of limitations, arguing that, even if it violated the FLSA, it committed any such violations under a good faith belief that Starship's payroll policies complied with the law and without reckless disregard of the FLSA's provisions. Dkt. No. [29-2].

Based on the arguments raised by the parties, the Court must decide whether summary judgment is appropriate as to the following issues: (1) whether Defendant's time records demonstrate overtime hours for which Plaintiff was not properly compensated; (2) whether Defendant kept accurate time records as to the actual hours worked by Plaintiff; (3) whether Defendant knew or should have known of Plaintiff's overtime work; (4) whether Defendant lacked a good faith belief in the legality of its payroll policies; and (5) whether Defendant acted in reckless disregard of the FLSA's overtime provisions. After a thorough review of the record, the Court examines each of these questions in turn.

### A. Recorded Overtime Hours

Defendant argues that Plaintiff has failed to show any amount of overtime hours for which she was improperly compensated. Plaintiff's burden of proof on this issue depends upon the accuracy of Defendant's records. If the employer's

timekeeping records are accurate, then the employee "may easily discharge [her] burden by securing the production of those records." Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 687 (1946). But, "[w]here the employer's records are inaccurate or inadequate and the employee cannot offer convincing substitutes," the employee can meet her burden if she merely establishes "that [s]he has in fact performed work for which [s]he was improperly compensated and if [s]he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." Id.

Although Plaintiff disputes that Starship's timekeeping records accurately reflect all of the time she actually worked, she asserts that those records do show some of her unpaid overtime. Plaintiff produces her timesheets as recorded by Starship's ADP system, arguing that Defendant consistently failed to compensate her for much of her recorded time. See Dkt. No. [30-10]. She notes that on October 6, 2013, for example, Starship's ADP records indicate that she worked from 3:45 PM to 12:18 AM, which equals 8 hours and 33 minutes, yet Defendant paid her for only 8.25 hours of work. See id. at 13. Plaintiff states that Defendant consistently reduced her hours in this manner throughout her employment, paying her for only 8 hours on days when Starship's records show longer periods of work. See generally id.

Defendant responds that these payroll reductions are lawful because 29 C.F.R. § 785.48(b) permits employers to round an employee's time to the nearest quarter-hour. Dkt. No. [39] at 15-16 (citing Dkt. No. [29-3]). Plaintiff replies that,

8

to the extent Starship actually utilized a rounding policy, its policy is unlawful because Starship always deducted from Plaintiff's recorded time by rounding down and never rounded up to the nearest quarter-hour. Dkt. No. [40] at 8-9.

The Court's review of Starship's records shows that Defendant did fail to compensate Plaintiff for a significant amount of recorded hours. On October 9, 2013, for instance, Starship's records indicate that Plaintiff worked from 3:46 PM to 12:09 AM, which equals 8 hours and 23 minutes, yet Defendant paid Plaintiff for only 8 hours of work. Dkt. No. [30-10] at 13. Similarly, on the very next day, Plaintiff worked from 3:45 PM to 12:06 AM for a total of 8 hours and 21 minutes, but Defendant again paid Plaintiff for only 8 hours. Id. Starship's ADP time records demonstrate that Defendant consistently reduced Plaintiff's hours in this manner. See generally id. There are weeks, and even months, in which Defendant reduced Plaintiff's hours by .25 to .5 for every day that she worked. See, e.g., id. at 12-13 (showing deductions from Plaintiff's hours on every day that she worked from August 29, 2013 to October 18, 2013).

The Court also finds that these reductions do not constitute a lawful rounding policy. The phrase "nearest quarter-hour," as used by 29 C.F.R. § 785.48(b), requires that a work-period of 8 minutes or more must be rounded up to 15 minutes, and Starship consistently failed to round Plaintiff's time up on days when she worked 8 minutes or more over her scheduled shift. For instance, on August 31, 2012, Starship's records indicate that Plaintiff worked from 3:55 PM to 12:05 AM for a total of 8 hours and 10 minutes, yet Defendant rounded

9

this amount down to 8 hours instead of up to 8 hours and 15 minutes. Dkt No. [30-10] at 1. Furthermore, there were also numerous occasions where Defendant reduced Plaintiff's recorded time to 8 hours when the nearest quarter-hour would have been 8 hours and 30 minutes. See, e.g., id. at 12 (compensating Plaintiff for only 8 hours on September 7, 2013, when she worked from 7:45 AM to 4:11 PM for a total of 8 hours and 26 minutes). Thus, insofar as Defendant failed to properly round Plaintiff's time to the nearest quarter-hour, the Court finds that Defendant's reliance on 29 C.F.R. § 785.48(b) is misplaced.

As explained in Mt. Clemens Pottery, Plaintiff may meet her burden of proof by demonstrating any overtime work that is documented within her employer's records. 328 U.S. at 687. Plaintiff has provided Starship's timekeeping records, and those timesheets demonstrate that she often worked more than 40 hours per week, but was rarely paid for that time. Because there is no evidence that Plaintiff was compensated for this recorded overtime work, there is no genuine issue of material fact for a jury to resolve. Accordingly, the Court finds that Plaintiff has met her burden of establishing that Defendant failed to properly compensate her for her recorded overtime work.

**B. Unrecorded Overtime Hours**

Plaintiff also alleges that Defendant's ADP timesheets do not reflect all of her overtime work because Starship prevented her from recording the vast majority of her overtime hours. Dkt. No. [30-1] at 3. As stated above, an employer's failure to maintain accurate records lowers the employee's burden of

10

proof. Thus, if Plaintiff successfully establishes that Starship's time records are inaccurate, she need only provide enough evidence "to show the amount and extent of [her unrecorded hours] as a matter of just and reasonable inference." Mt. Clemens Pottery, 328 U.S. at 687.

Plaintiff produces company memoranda informing Starship employees that they "may not clock in prior to fifteen minutes before [their] shift is scheduled to begin," and instructing them that it is "necessary to make the attempt to clock out" within a "15 minute grace period" after the end of their scheduled shift. Dkt. No. [30-6]. Plaintiff also provides the sworn testimony of Amanda Thrower and Shemir Anderson, two former coworkers, who attest that their store management required its employees to perform a substantial amount of their overtime work off the clock. Thrower Decl., Dkt. No. [30-7] ¶¶ 8-11; Anderson Decl., Dkt. No. [30-8] ¶¶ 8-11.

In response, Defendant produces sworn testimony from Chynna Lawless, a member of Starship management, who emphasizes that the company policy does not strictly prohibit its employees from clocking out more than 15 minutes after the end of their scheduled shift, but rather it simply requires them to provide a reason for staying later. Lawless Dep., Dkt. No. [38-1] 107:1—110:3. Defendant also introduces testimony from Plaintiff's store manager, Patricia Hutto, who denies that she ever required Plaintiff or the store's other employees to work off the clock. Hutto Decl., Dkt. No. [38-2] ¶¶ 5, 12. Finally, Ms. Hutto and Ms. Lawless testify that Ms. Thrower and Ms. Anderson could not have knowledge of

11

Plaintiff's overtime work because they never worked the same shift as Plaintiff. Lawless Decl., Dkt. No. [38-1] ¶¶ 11-13, 15, 22; Hutto Decl., Dkt. No. [38-2] ¶¶ 7-9, 11.

Although Defendant emphasizes that there are exceptions to Starship's restrictions on clocking in and out, Plaintiff's evidence shows that her specific store enforced those restrictions in a way that prevented her from recording all of her overtime work. Defendant's evidence, however, contradicts Plaintiff's testimony and casts doubt on the credibility of Ms. Thrower and Ms. Anderson. This conflicting evidence creates a genuinely disputed issue of material fact, and that issue is inappropriate for summary judgment.

### C. Defendant's Knowledge of Plaintiff's Overtime Work

By producing Starship's time records, Plaintiff successfully establishes that Starship did not properly compensate her for her recorded overtime. Plaintiff must also establish as part of her claim, however, that Defendant "knew or should have known of the overtime work." Allen, 495 F.3d at 1315. As to this element, Defendant argues that Plaintiff fails to produce any evidence that Starship was aware or should have been aware of her overtime work. Dkt. No. [39] at 4-5. Plaintiff responds that Defendant cannot deny knowledge of Plaintiff's overtime when some of that overtime is documented within Starship's own time records. Dkt. No. [40] at 4.

The Court agrees that Defendant had ample reason to be aware of Plaintiff's recorded overtime work, as it was reflected in the company's time

records. As to Plaintiff's alleged unrecorded overtime, it is undisputed that Plaintiff complained to her store manager, Ms. Hutto, about not receiving overtime compensation. Def.'s SMF, Dkt. No. [29-1] ¶ 4. If Plaintiff did perform any overtime work off the clock, complaints to her store manager should have placed Defendant on notice of those unrecorded hours. The Court therefore finds that the undisputed evidence demonstrates that Defendant knew or should have known of at least a portion of Plaintiff's overtime work, whether recorded or unrecorded.

Because the undisputed evidence establishes (1) that Plaintiff worked certain recorded overtime hours without proper compensation, and (2) Defendant knew or should have known of that recorded overtime work, there is no genuine issue of material fact regarding the essential elements of Plaintiff's overtime claim as to the recorded time. With regard to Plaintiff's recorded overtime hours, Defendant's Motion for Summary Judgment is **DENIED**, and Plaintiff's Motion for Partial Summary Judgment is **GRANTED**.

The evidence does create a genuine issue of material fact as to the existence of Plaintiff's alleged unrecorded hours. With regard to these hours, Defendant's Motion for Summary Judgment is **DENIED**, and Plaintiff's Motion for Partial Summary Judgment is **DENIED**.

### D. Liquidated Damages and Statute of Limitations

In addition to unpaid overtime wages, a successful FLSA plaintiff is entitled to liquidated damages of an amount equal to the jury's award. See 29

13

U.S.C. § 216(b). The Court may only decline to award these liquidated damages if the employer proves "that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation." 29 U.S.C. § 260. The employer bears the burden of establishing its subjective good faith and the objective reasonableness of its belief. Rodriguez v. Farm Stores Grocery, Inc., 518 F.3d 1259, 1272 (11th Cir. 2008) (citing Dybach v. Fla. Dep't of Corr., 942 F.2d 1562, 1566-67 (11th Cir. 1991)).

As a related matter, a similar inquiry (but not identical) guides the determination of the applicable statute of limitations for an FLSA claim. Generally, the statute of limitations is two years, but that period extends to three years if the employer's violation was "willful." 29 U.S.C. § 255(a). To establish willfulness for the purposes of § 255(a), the burden is on the plaintiff to prove that the employer showed at least a "reckless disregard for the matter of whether its conduct was prohibited by [the FLSA] . . . ." See McLaughlin, 486 U.S. at 133. Although § 260 and § 255(a) differ in their placement of the burden of proof, both provisions require a similar analysis of the employer's state of mind and the Court addresses them in tandem.

As evidence of its good faith, Defendant produces testimony that Starship's CEO, Kelly Rogers, regularly consults with an attorney and the Department of Labor to verify the legality of its payroll policies. Rogers Decl., Dkt. No. [38-4] ¶ 4. To challenge Defendant's good faith, Plaintiff presents testimony from Ms.

14

Lawless that Starship took no remedial measures after another assistant manager raised nearly identical overtime compensation claims in 2012. Lawless Dep., Dkt. No. [32-1] 113:6—114:19. The parties essentially reiterate these same arguments and point to the same evidence when discussing the issue of reckless disregard. Dkt. No. [30-1] at 14-18; Dkt. No. [39] at 13-15.

To avoid an award of liquidated damages, Defendant bears the burden of proving that it acted with subjective good faith and objective reasonableness. Plaintiff, for her part, bears the burden of proving Defendant's reckless disregard if she is to make use of the extended statute of limitations. Both parties introduce competent evidence on these issues, but none of this evidence is undisputed. Defendant's evidence that Mr. Rogers regularly consults with the Department of Labor suggests a genuine effort on Starship's part to comply with the law. Conversely, Plaintiff's evidence indicates that Starship took no remedial action after being confronted with a nearly identical lawsuit by an employee of the same store, which suggests a lack of good faith and a disregard for the FLSA's provisions.

Because the evidence in the record is conflicting, both parties have failed to carry their respective burdens of proof, and summary judgment is inappropriate as to liquidated damages and the statute of limitations. With regard to these issues, Defendant's Motion for Summary Judgment is **DENIED**, and Plaintiff's Motion for Partial Summary Judgment is **DENIED**.

### IV. Conclusion

Defendant's Motion for Summary Judgment [29] is **DENIED**. Plaintiff's Motion for Partial Summary Judgment [30] is **GRANTED IN PART** and **DENIED IN PART**. The parties are **DIRECTED** to file their Joint Consolidated Pre-Trial Order within thirty (30) days of the date of this Order. If the parties would like to have this case mediated by a magistrate judge prior to the filing of a pre-trial order, please notify the Court, and the Court will stay the deadline and assign a magistrate judge for mediation.

**IT IS SO ORDERED** this 30th day of June, 2016.

_____
LEIGH MARTIN MAY
UNITED STATES DISTRICT JUDGE