## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

|  |  |  |
|---|---|---|
| EUGENIA PIPPIN, on behalf of<br>herself and those similarly situated, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action no. 1:15-cv-0507 |
| | ) | |
| v. | ) | |
| | ) | |
| STARSHIP ENTERPRISES OF<br>ATLANTA, INC., a Georgia Profit<br>Corporation, | ) | |
| | ) | |
| Defendant | ) | |

## PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER DATED JUNE 30, 2016 [ECF No. 41]

By her instant Motion, Plaintiff Eugenia Pippin ("Pippin" or "Plainiff") seeks reconsideration of this Court's Order dated June 30, 2016 [ECF No. 41], solely to the extent it denied Plaintiff's motion for partial summary judgment (in part) regarding Defendant's lack of "good faith" and willfulness in committing the FLSA violations at issue in this case.

Specifically, it appears that the Court did not consider the fact that the testimony of Defendant's CEO, Kelly Rogers—which directly contradicted Defendant's earlier admissions made in response to Plaintiff's request for admissions—is a legal nullity and thus could not and did not create an issue of material issue of fact regarding Defendant's admitted lack of good faith

and recklessness regarding its FLSA violations at issue.[1]   Importantly,
Defendant is bound by its admissions that its FLSA violations were not in
good faith because it never sought to withdraw or amend the admissions, as
required by Fed. R. Civ. Proc. 36(b).   Similarly, because Defendant
repeatedly elected not to pay Plaintiff even for the time she was allowed to
record on her timesheets its FLSA violations were in reckless disregard by
definition. For these reasons, the Court should grant Plaintiff's Motion for
Reconsideration and, upon reconsideration, find that Defendant's FLSA
violations were not committed in "good faith" as a matter of law and were
committed in reckless disregard of its obligations under the FLSA.

## AUTHORITY AND ARGUMENT

### A. Standard on Motion for Reconsideration.

Under Local Rule 7.2(E), "[m]otions for reconsideration shall not be
filed as a matter of routine practice." *Bryan v. Murphy*, 246 F. Supp. 2d
1256, 1258-59 (N.D. Ga. 2003) (quoting N.D. Ga. Local R. 7.2(E) (2001)).
As indicated by the language of this rule, motions for reconsideration are not

---

[1] Defendant's feigned explanation that it did not understand the admissions
at issue is absurd.  Moreover, if the Court were to accept this explanation
under the circumstances at bar it would lead to a slippery slope where no
party would ever be bound by its admissions or prior testimony and the
entire purpose of the Federal Rules of Civil Procedure would be eliminated,
because no party would ever be able to rely on the evidence that it obtained
in discovery, since the adverse party would simply be able to disavow any
evidence contrary to its claims or defenses at any point later in the case.

to be filed as a matter of course, but only when "absolutely necessary." *Id.; Pres. Endangered Areas of Cobb's History, Inc. v. U.S. Army Corps of Eng'rs,* 916 F.Supp. 1557 (N.D. Ga. 1995) (O'Kelley, J.). Reconsideration is only "absolutely necessary" where there is: (1) newly discovered evidence; (2) an intervening development or change in controlling law; or (3) a need to correct a clear error of law or fact. *Jersawitz v. People TV,* 71 F.Supp.2d 1330 (N.D. Ga. 1999) (Moye, J.); *Paper Recycling, Inc. v. Amoco Oil Co.,* 856 F.Supp. 671, 678 (N.D. Ga. 1993) (Hall, J.).

In the present case, Plaintiff seeks reconsideration under the third prong, because it appears that the Court's prior Order failed to consider the binding nature of the Defendant's admissions that it did not investigate its potential FLSA liability at any time prior to this lawsuit, when considering whether the FLSA violations at issue were committed in "good faith" and/or were willful in nature.

### B. Defendant is Bound By Its' Prior Admissions That Its FLSA Violations Were Not Committed in "Good Faith."

Defendant next argues that the Court should disregard its prior admissions that it neither consulted an attorney nor the Department of Labor regarding the pay practices at issue prior to the commencement of this case. In the absence of a motion to withdraw or amend its admissions in this regard however, Defendant is bound by its prior admission and therefore

Plaintiff is entitled to summary judgment on this issue as well.[2]

Under Rule 36(a) of the Federal Rules of Civil Procedure, a party may serve on any other party a written request for admission of the truth of a matter. Fed. R. Civ. P. 36(a).  Under Rule 36(b), a court may permit a party to withdraw an admission, only upon proper motion, and only if "the presentation of the merits will not be subserved by the withdrawal" and "the party obtaining the admissions would not be prejudiced in its presentation of the case by the withdrawal." *Smith v. First Nat'l Bank of Atlanta*, 837 F.2d 1575, 1577 (11th Cir. 1988) .

In this case, however, Defendant has filed no motion to withdraw the admissions.   "As Rule 36(b) expressly provides for withdrawal only 'on motion,' it would be improper for the Court to *sua sponte* withdraw Defendant's admissions." *Jacobs v. Elec. Data. Sys. Corp.,* 2006 WL 3742202 (M.D. Ala. Dec. 18, 2006) (plaintiff could not create issue of fact on summary judgment with other evidence where inconsistent with prior admissions), citing *Am. Auto. Ass'n v. AAA Legal Clinic*, 930 F.2d 1117, 1120 (5th Cir. 1991).

---

[2] Plaintiff relied on Defendant's admissions in this regard, and conducted no further discovery regarding Defendant's "good faith" defense as a result. Thus, to the extent the Court permits Defendant to submit and rely on testimony that directly contradicts its prior admissions Plaintiff would be extremely prejudiced.

Admissions are unlike other evidence in that a party cannot rebut its own admissions by introducing evidence that contradicts it.  *In re Carney,* 258 F.3d 415, 420 (5th Cir. 2001) ("Since Rule 36 admissions, whether express or by default, are conclusive as to the matters admitted, they cannot be overcome at the summary judgement stage by contradictory affidavit testimony or other evidence in the summary judgment record."); *United States v. Kasuboski,* 834 F.2d 1345, 1350 (7th Cir. 1987); *see also* 8A Wright, Miller & Marcus, § 2264, at 572-74. Once an issue is deemed admitted, the admission is conclusive unless withdrawn upon motion to the court.  *Perez v. Miami-Dade County,* 297 F.3d 1255, 1264 (11th Cir. 2002); *United States v. 2204 Barbara Lane,* 960 F.2d 126, 129 (11th Cir. 1992); *Stubbs v. Comm'r,* 797 F.2d 936, 937-38 (11th Cir. 1986) (*per curiam*).

As black-letter law dictates, the court's role at the summary-judgment stage is not to weigh the evidence or to determine the truth of the matter, but rather to determine only whether a genuine issue exists for trial.  *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).  Here, if this case were to proceed to trial, Defendant would not be permitted to introduce evidence to rebut the admissions it has already made during the discovery phase of this litigation. *Williams v. City of Dothan, 818* F.2d 755, 762 (11th Cir. 1987); *see also Am. Auto. Ass'n,* 930 F.2d at 1120.

Here, Defendant admitted that it did not consult a lawyer or the Department of Labor prior to the commencement of this case regarding the pay and timekeeping practices at issue. Defendant never failed a motion to vacate or amend their prior admissions. Thus, pursuant to well-settled black-letter law Defendant's admissions preclude any "good faith" defense. Accordingly, there is no genuine issue of material fact as to Defendant's "good faith" defense, and the Court should find that Pippin is entitled to judgment as a matter of law. *See Jacobs, supra.*

C. **Defendant Has Failed to Adduce Any Facts From Which a Reasonable Jury Could Find That It Did Not Recklessly Disregard Its Obligations Under the FLSA.**

Defendant has also failed to raise an issue of fact regarding its reckless disregard of the very fact that it was violating the FLSA on a perpetual basis with regard to Plaintiff. Indeed, Defendant elected not to pay Plaintiff any overtime whatsoever in the vast majority of her workweeks during her employ, despite its explicit knowledge in the form of its own timekeeping records that she was working overtime in most if not all workweeks. Respectfully, this is the very definition of reckless disregard and therefore, Plaintiff is entitled to summary judgment on this issue as well.

"An employer knowingly violated the [FLSA] if he disregards the minimum wage laws deliberately or intentionally…" *Davila v. Menendez,*

717 F.3d 119, 1185 (11th Cir. 2013).  As "[t]he Supreme Court explained further in *Richland Shoe Co.*[ ] the word willful is considered synonymous with such words as voluntary, deliberate, and intentitional." *Wales v. Jack M. Berry, Inc.,* 192 F.Supp.2d 1269, 1291 (M.D. Fla. 1999) (further citation omitted).  "A willful violation may be found when the employer 'disregarded the very possibility that it was violating the statute.'" *Allen v. Board of Public Educ. for Bibb County,* 495 F.3d 1306, 1323 (11th Cir. 2007) (further quotation omitted).

Willfulness is a question often fact-driven and incompatible with a summary ruling, and one which some courts have been more comfortable sending to the jury.  *See, e.g., Fowler v. Land Mgt. Groupe, Inc*., 978 F.2d 158, 162-63 (4th Cir. 1992).  "But even a fact-centered issue need not be tried if there is no factual dispute; for an employer to send the willfulness issue to the jury, it must raise some substantial showing of what facts would permit the jury to rule in its favor." *Ealy-Simon v. Liberty Med. Supply, Inc*., 2007 U.S. Dist. LEXIS 102787, *28-30, 2007 WL 7773834 (S.D. Fla. Feb. 12, 2007).

Here, Defendant's admissions coupled with its flagrant and knowing violations preclude any possible finding that Defendant did not recklessly disregard the FLSA when it failed to pay her overtime for even her on-the-

clock overtime hours documented on her time records submitted to Defendant on a daily and weekly basis.  Indeed, this is the very definition of recklessness, because Defendant acknowledges that it disregarded the very possibility that it was violating the FLSA when it knowingly refused to pay Plaintiff overtime wage despite its explicit knowledge that she was working overtime in virtually every workweek.  For these reasons, Plaintiff is entitled to summary judgment finding Defendant's FLSA violations to be in reckless disregard.

## **CONCLUSION**

For the aforementioned reasons, Plaintiff respectfully requests that the Court reconsider its prior Order and in so doing grant Plaintiff summary judgment finding that Defendant's FLSA violations were not committed in "good faith" and that they were committed in reckless disregard of whether they were violating the FLSA.

Dated:  July 5, 2016

Respectfully submitted

**/s/ ANDREW R. FRISCH**
Andrew R. Frisch, Esquire
Georgia Bar No. 366105
Morgan & Morgan, P.A.
600 N. Pine Island Road, Suite 400
Plantation, Florida 33324
Telephone: (954) WORKERS
Facsimile:  (954) 327-3013

E-mail: afrisch@forthepeople.com

***Attorney for Plaintiff***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 5, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF filing system, which I understand will provide notice of same to all parties and counsel of record.

**/s/ ANDREW R. FRISCH**
Andrew R. Frisch