# EXHIBIT "A"

## SETTLEMENT AGREEMENT AND
## RELEASE OF CLAIMS

1.      This Agreement covers all understandings between EUGENIA PIPPIN (hereinafter referred to as "Plaintiff" a term which includes Plaintiff's successors, beneficiaries, personal representatives, and heirs) and STARSHIP ENTERPRISES OF ATLANTA, INC. (hereinafter referred to as "Defendant" a term which includes each and every officer, director, employee, agent, parent corporation or subsidiary, affiliate or division, its successors, assigns, beneficiaries, servants, legal representatives, insurers and heirs).

2.      For and in consideration of the promises outlined in Paragraph 3 of this Agreement, Plaintiff agrees as follows:

A.      To settle any and all claims and actions of any nature whatsoever between Plaintiff and Defendant, as related to the transactions or matters which are the subject matter of the lawsuit CASE NO.: 1:15-CV-507-LMM pending in the United States District Court for the Northern District of Georgia (the "Lawsuit").

B.      To agree and acknowledge that this settlement is the compromise of a disputed claim and does not constitute an admission by Defendant of any violation of any federal, state, or local statute or regulation, or any violation of any of Plaintiff's rights or of any duty owed by Defendant to Plaintiff.

C.      That the below-referenced amount paid by Defendant represents a sum to which Plaintiff would not be entitled absent this Agreement.

D.      Not to disclose the existence of this claim or contents of this Agreement to anyone except the attorney representing Plaintiff in this matter, Plaintiff's tax advisors (who, in turn, shall also agree not to disclose this Agreement to any third parties) as compelled by force of law, or as required during any unemployment compensation proceedings.  In the event Plaintiff is compelled by force of law to disclose the contents of this Agreement, Plaintiff agrees that notice of receipt of the judicial order or subpoena shall be immediately communicated to Defendant telephonically and confirmed immediately thereafter in writing so that Defendant will have the opportunity to assert what rights it may have in non-disclosure prior to any response to the order or subpoena.  In addition, Plaintiff shall advise both her attorneys and her husband that this is a confidential settlement and instruct that neither should divulge the contents of this agreement to any third party with the exception of those required by law.

Notwithstanding the foregoing, Plaintiff shall have the right to file a copy of this agreement in the public docket in order to seek approval of this agreement, and if necessary, to seek to enforce this agreement.

1

3.     For and in consideration of the promises made by Plaintiff in Paragraph 2 of this Agreement, Defendant agrees to pay Plaintiff and Plaintiff's counsel, Morgan & Morgan, P.A., the total consideration of $55,000.00 within 10 days of the Court granting the parties' Joint Motion for Settlement Approval.  The above amounts shall be made payable in three separate checks as follows: (i) one check payable to "Eugenia Pippin" in the amount of $5,500.00 representing unpaid wages, which shall be subject to normal withholding; (ii) one check payable to "Eugenia Pippin," in the amount of $5,500.00, representing liquidated damages, which shall not be subject to withholding; and (iii) one check payable to "Morgan & Morgan, P.A." for $44,000.00 for its reasonable attorneys' fees and costs.

4.     Other than as to the express rights and obligations set forth in this Agreement, and in consideration of the provisions, promises, terms and conditions of this Agreement, Plaintiff hereby UNCONDITIONALLY, FULLY AND FINALLY RELEASES AND FOREVER DISCHARGES Defendant and the Released Parties from any and all duties, claims, rights, complaints, charges, damages, costs, expenses, attorneys' fees, debts, demands, actions, obligations, and liabilities, of any and every kind, nature, arising from the facts on which her claims in the Lawsuit were predicated.

5.     In the event that Plaintiff or Defendant commences an action for damages in regard to the opposing party's alleged violation of this agreement, the prevailing party in any such action shall be entitled to an award of its reasonable attorney's fees and all costs including appellate fees and costs incurred in connection therewith as determined by the court in any such action.

6.     Plaintiff and Defendant agree that this Settlement Agreement is entered into knowingly and voluntarily, after having the opportunity to fully discuss it with an attorney. Having had the opportunity to obtain the advice of legal counsel to review, comment upon, and redraft the agreement, the parties agree that the Agreement shall be construed as if the parties jointly prepared it so that any uncertainty or ambiguity shall not be interpreted against any one party and in favor of the other.

7.     This Agreement supersedes all prior agreements and understandings between Plaintiff and Defendant.  No cancellation, modification, amendment, deletion, addition, or other changes in this Agreement or any provision hereof or any right herein provided shall be effective for any purpose unless specifically set forth in a subsequent written agreement signed by both Plaintiffs and an authorized representative of Defendants.

8.     Should any provision of this Agreement be declared or determined by any court of competent jurisdiction to be illegal or invalid, the validity of the remaining parts, terms or provisions shall not be affected thereby and said illegal or invalid part, term or provision shall be deemed not to be a part of this Agreement and all other valid provisions shall survive and continue to bind the parties.

9.      The law governing this Agreement shall be that of the United States and the State of Georgia.  The United States District Court for the Northern District of Georgia shall retain jurisdiction to enforce the terms of this Settlement Agreement.

10.      It is understood and agreed that this Settlement Agreement and Release may be executed in multiple identical counterparts, each of which shall be deemed an original for all purposes.


DATE: _Sept 21, 2K16_        Signature: ___Eugenia Pippin___
                                          EUGENIA PIPPIN


DATE: _____        Signature: _____
                                          By:
                                          For   STARSHIP   ENTERPRISES   OF
                                          ATLANTA, INC.


## REMAINDER OF PAGE INTENTIONALLY LEFT BLANK


3

9.     The law governing this Agreement shall be that of the United States and the State of Georgia.  The United States District Court for the Northern District of Georgia shall retain jurisdiction to enforce the terms of this Settlement Agreement.

10.     It is understood and agreed that this Settlement Agreement and Release may be executed in multiple identical counterparts, each of which shall be deemed an original for all purposes.

DATE:_____          Signature:     _____
                                          EUGENIA PIPPIN

DATE: 9/20/2016           Signature:     _____
                                          By:
                                          For   STARSHIP   ENTERPRISES   OF
                                          ATLANTA, INC.

**REMAINDER OF PAGE INTENTIONALLY LEFT BLANK**

3